# STROOCK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 09 2013

September 6, 2013

By Email

James L. Bernard
Direct Dial: 212-806-5684
Fax: 212-806-6006
jbernard@stroock.com

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 730
New York, NY 10007-1581

Re: In re: 650 Fifth Avenue and Related Properties
    08 CIV. 10934 (KBF) and All Member and Related Cases

Dear Judge Forrest:

We represent the Greenbaum, Acosta, Beer and Kirschenbaum judgment creditors, and also write on behalf of the Havlish, Heiser, Rubin, Holland, Valencia, Welch, Campuzano, Blais, Stethem, Higgins and Brewer judgment creditors to respectfully request, as discussed at the conference held on September 4, 2013, that the Court sever certain matters from the upcoming trial.

By way of brief background, in its current posture, the trial in this matter will have a jury trial component -- the Government's civil forfeiture action along with the claims of some parties who claim innocent owner status (among others, the Alavi Foundation, Assa Corp., Assa Co., Ltd., 650 Fifth Avenue Company and the Hegna judgment creditors) -- and a bench trial component -- the claims of the judgment creditors (including the Hegna judgment creditors) arising under the FSIA/TRIA. The Hegna judgment creditors filed a Statement of Claim in the civil forfeiture action, and purport to have a lien with respect to certain property at issue in this litigation. Some of the judgment creditors joining in this letter also filed Statements of Claim and some also claim to have liens with respect to some of the property at issue in this litigation. These

Hon. Katherine B. Forrest
September 6, 2013
Page 2

matters, and some of the supporting documentation, are addressed in our opposition to Alavis' summary judgment motion at pages 44-45 & n.14. The judgment creditors joining in this letter have also agreed that all issues concerning these Statements of Claims and liens, as well as issues concerning the relative priority of the Government's forfeiture action in relation to our FSIA/TRIA claims and the priority as between judgment creditors, can be decided by the Court, post-trial and consistent with the Court's earlier ruling in this regard. The Hegna judgment creditors seek to have a jury decide certain issues relating to their Statement of Claim in the government's civil forfeiture action. *See id.* at p. 44.

The issue I raised on September 4 concerns how best to preserve the Hegna judgment creditors' request for a jury trial while at the same time preserving the claims of the judgment creditors joining in this letter who have agreed to litigate, if necessary, all issues concerning their claims and liens to the Court post-trial. As explained below, we respectfully submit that the best solution is to sever the claims of any judgment creditor, including the Hegna judgment creditors, concerning their Statements of Claims, liens and relative priority arguments (whether as between judgment creditors or the Government) from the trial of the civil forfeiture and FSIA/TRIA claims.

Rule 42(b) of the Federal Rules of Civil Procedure gives the "trial court the discretion to order separate trials where such an order will further convenience, avoid prejudice, or promote efficiency." *Amato v. City of Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999). Courts consider a number of factors in determining whether to order a separate trial on an issue, including, among others, whether: (1) "the issues sought to be tried are significantly different from one another"; and (2) "the severable issues require testimony from different witnesses and/or different documentary proof." *Gaffney v. Dep't of Info. Tech. & Telecomm.*, 579 F. Supp. 2d 455, 459 (S.D.N.Y. 2008). Accordingly, courts have held that it is appropriate to order a separate trial on an issue where "the litigation of the first issue might eliminate the need to litigate the second issue," *Amato*, 170 F.3d at 316, where a separate trial will "enhance juror comprehension of the issues presented in the case," and where there is "potential that, after bifurcation and trial, the remaining issues might be resolved by motion or settlement," *Union Carbide Corp. v. Montell N.V.*, 28 F. Supp. 2d 833, 837 (S.D.N.Y. 1998).

All of these factors weigh in favor of severance. As the Court is well aware, the trial of the Government's civil forfeiture case and the trial of the judgment creditors' FSIA/TRIA claims will concern evidence that is central to the core question of whether Alavi, Assa and 650 are controlled by Iran. As is clear from the parties' exhibit lists,

Hon. Katherine B. Forrest
September 6, 2013
Page 3

witness lists, requests to charge and proposed findings of fact and conclusions of law, the triers of fact will be focused on issues relating to those matters. In sharp contrast, the factual issues, if any, concerning priority, liens and Statements of Claim concern unrelated questions of when certain judgment creditors took certain actions and the legal ramifications of those actions. There is no reason to burden a jury that will be focused on questions of Iranian control with questions, for example, concerning the various liens some judgment creditors claim to have filed. Indeed, the Hegna judgment creditors cannot escape the fact that their claim of innocent owner status in the civil forfeiture action is linked with priority issues. The Hegnas' claim of "innocent owner" status is predicated on their claim that they have a valid lien. Certain of the other judgment creditors do not believe that the Hegnas have a valid lien, *i.e.*, the other judgment creditors believe they have priority over the Hegnas.

There are really no factual disputes with respect to issues concerning priority, liens and Statements of Claim. The vast majority of the documents that constitute the basis for the judgment creditors' claims that they have priority over each other and/or are innocent owners consist of various court filings. Depending on the outcome of the trial on the forfeiture and FSIA/TRIA claims, issues concerning priority, liens and Statements of Claim, if not otherwise mooted in some fashion, can either be resolved by the Court on motion or, if necessary, tried very briefly to a jury if there are indeed any factual issues in dispute. Given the overwhelmingly legal nature of these issues, we submit that they are likely to be particularly suited to resolution by motion and, as *Union Carbide* held, this factor also weighs heavily in favor of severance.

In sum, for the reasons set forth above, we respectfully request that the Court sever the claims of any judgment creditor, including the Hegna judgment creditors, concerning their Statements of Claims, liens and relative priority arguments (whether as between judgment creditors or the Government) from the trial of the civil forfeiture and FSIA/TRIA claims.

Respectfully submitted,

James L. Bernard

cc:   Counsel of Record

> **ORDERED**
>
> Post on Docket  9/9/13
>
> K. B. For——
> Katherine B. Forrest, USDJ

STROOCK & STROOCK & LAVAN LLP • NEW YORK • LOS ANGELES • MIAMI • WASHINGTON, DC
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM