USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 2 3 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE 650 FIFTH AVENUE AND
RELATED PROPERTIES

------------------------------------------------------------X

08 Civ. 10934 (KBF)
and all member and
related cases

ORDER

KATHERINE B. FORREST, District Judge:

The Court has before it the Government's Motion to Amend the Protective Order and Monitor Order, which asks the Court for a variety of forms of relief, including diverting payments and partnership distributions, formerly being paid from the 650 Fifth Avenue Company to the Alavi Foundation and Assa Corp., to the USMS Seized Assets Deposit Fund. (ECF No. 911 at 9.)

The Court does not resolve the entirety of that motion in this Order, but only two issues: (1) who shall manage the building at 650 Fifth Avenue ("the Building"), the subject of the Court's prior Opinion & Order of September 16, 2013 (ECF No. 865); and (2) who is authorized to manage funds (including bank accounts) relating to the Building, to approve and pay invoices, and to sign the Master Retail Lease for the Building.

On October 21, 2013, Judge Kathleen A. Roberts, the Court-appointed monitor who has been in place for over three years, notified the Court that the dispute over ownership of the Building and authority to make decisions and sign documents on behalf of the 650 Fifth Avenue Company with respect to the Building

had become a matter "of greatest urgency." (Letter from Kathleen A. Roberts 1, Oct. 21, 2013.) The Court credits Judge Roberts's statement that the "inability to execute the Master Lease is costing the Building over $30,000 per day in additional retail rent, and depriving the Building of much-needed cash to preserve the value of the asset." (Id.)

The Court held a teleconference with the parties the afternoon of the day it received the letter. During this call, Alavi stated its position and the Government theirs, and Judge Roberts reiterated that she needed judicial direction urgently. No other party spoke (though the Court provided the opportunity, and a number of others were on the line, including counsel for Assa).

The Court finds that there is insufficient probability that Alavi can today sign the Master Retail Lease. In the teleconference on October 22, the Government raised issues related to whether Alavi would be able to act on behalf of the Building without a license from the Office of Foreign Assets Control (OFAC); Alavi does not dispute that as a likelihood or possibility. However, the OFAC license approval process is out of the Court's hands, particularly with the recent government shutdown, which has already interrupted many processes.

The Court finds that the lease should be signed immediately. (Notably, all agree that the lease should be signed.) Judge Roberts has effectively and appropriately monitored the Building and bank accounts to date. Moreover, she has the benefit of familiarity with the Building and bank accounts, as well as the benefit of neutrality as between the Government and Alavi.

Accordingly, the Court today appoints Judge Roberts as Interim Trustee of the Building and the bank accounts associated with that building, and empowers and authorizes her in all ways necessary according to law to manage the building and do all that is necessary to maintain its assets properly and appropriately.[1]

The Court requires that Judge Roberts continue to inform Alavi on an ongoing basis of any material decisions that she makes. For all material decisions, Judge Roberts shall provide 24 hours' notice to Alavi so that it may provide input to her as to her management decisions. (The Court notes that Alavi may require an OFAC license in order to provide such input to Judge Roberts.) In the absence of such input, Judge Roberts is authorized to act as she sees fit. In the event of disagreement between Alavi and Judge Roberts, the Court empowers Judge Roberts with ultimate authority to make such management decisions, consistent with her duties as Interim Trustee.

The Court also requires that Judge Roberts continue to inform the Government of her decisions as appropriate, in accordance with her role as Court-appointed monitor and Interim Trustee.

Should the parties believe that additional Orders are necessary to effectuate Judge Roberts's position as Interim Trustee, the Court directs the parties to confer and make submissions to that effect to the Court. For the avoidance of doubt, the Court reiterates that Judge Roberts is empowered immediately to make all

---

[1] The Court has not yet entered final judgment as to its September 16 Opinion & Order. Nonetheless, based on the relevant case law, the Court had the ability long ago to place the assets in possession of a third party. See, e.g., United States v. Bonventre, 720 F.3d 126, 132 (2d Cir. 2013). The Court additionally notes that its Opinion & Order provides an adjudication—far more than the case law requires. See id.

decisions regarding the management of the Building and associated bank accounts. This Order includes both management of the Building and any bank account into which funds are deposited from the Building's management or out of which funds are used to pay bills for the Building. To the extent this Order requires segregation of bank accounts, Judge Roberts is authorized to do so.

This Order does not include the seven properties severed for further proceedings by the September 16 Opinion & Order. The Court does not remove management of those seven properties from Alavi. To the extent that Alavi must apply for an OFAC license to comply with this Order or wishes to bring any other related matters to the Court's attention, it should do so.

SO ORDERED.

Dated: New York, New York
October **23**, 2013

                                                   KATHERINE B. FORREST
                                                  United States District Judge