USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 5, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                                :

IN RE: 650 FIFTH AVENUE AND          :      08 Civ. 10934 (KBF)
RELATED PROPERTIES                       :    and all member and
                                                                                :        related cases
                                                                                :
                                                                                :        MEMORANDUM
------------------------------------------------------------X   DECISION & ORDER

------------------------------------------------------------X
                                                                                :        09-cv-165 (KBF)
KIRSCHENBAUM, et al.,                         :        09-cv-166 (KBF)
                                                                                :        09-cv-553 (KBF)
                           Plaintiffs,               :        09-cv-564 (KBF)
                                                                                  :        10-cv-1627 (KBF)
                                                                                  :        11-cv-3761 (KBF)
                                                                                  :        12-mc-19 (KBF)
                         -v-                                 :        12-mc-20 (KBF)
                                                                                  :        12-mc-21 (KBF)
650 FIFTH AVENUE and RELATED       :        12-mc-22 (KBF)
PROPERTIES,                                         :        13-mc-71 (KBF)
                                                                                  :        13-cv-1825 (KBF)
                        Defendants.   :        13-cv-1848 (KBF)
                                                                                  :
                                                                                :        MEMORANDUM
------------------------------------------------------------X   DECISION & ORDER

KATHERINE B. FORREST, District Judge:

     Before the Court is an application by Claimants/defendants[1] seeking to preclude admission of an audio recording made on December 5, 2008, by the Government's Confidential Human Source ("CHS") of a conversation with Hamid Firooznia, one of Alavi's accountants and an individual with knowledge of Alavi's

---

[1] For ease of reference, the Court refers to Claimants/defendants as Claimants throughout this Memorandum Decision & Order.

affairs. (ECF NO. 1769.)² According to Claimants, Firooznia had ceased acting as Alavi's accountant more than a year prior to the recording and therefore the recording does not constitute a "party admission" under Federal Rule of Evidence 802 and does not fall within any other hearsay exceptions. (Id. at 1.) The Government opposes the application. (ECF No. 1774.) The Government notes that Firooznia invoked his Fifth Amendment privilege against self-incrimination during his deposition. According to the Government, the recording contains numerous statements that are admissible as non-hearsay or which fall under various hearsay exceptions including the co-conspirator exception of Rule 801(d)(2)(E) and the then-existing state of mind exception of Rule 803(3).

For the reasons set forth below, the Court DENIES Claimants' application to preclude the recording.

The Court has reviewed the transcript of the recording. (ECF No. 1769-1.) During the conversation, the CHS and Firooznia discuss the Alavi and Assa partnership as well as issues regarding Bank Melli's continued interest in the partnership. This supports an inference that Firooznia—who obtained his knowledge while working as Alavi's accountant in a period post-2000—was aware, inter alia, of Bank Melli's ownership of Assa. This, in turn, is highly relevant to a contested fact in this trial. There are other aspects of the recording that may support more direct control of the Alavi Foundation's affairs by Iran. This is also a highly contested issue in this trial.

---

² Unless otherwise noted, all ECF citations are to case No. 08-cv-10934.

2

Based on the documentary evidence in the materials before the Court, there is ample evidence to support the existence of a conspiracy to provide services to Iran in violation of the IEEPA and ITRs. Based on his personal participation in certain events relevant to this overall course of conduct, Firooznia was among the conspirators. He performed work for Claimants that directly assisted them in their efforts to, inter alia, hide Bank Melli's ownership of Assa.

Finding that the conspiracy existed—and that Firooznia played a part in it—does not resolve whether the statements made on the recording are those of a co-conspirator "during and in furtherance" of the conspiracy. The Court finds, however, by a preponderance of the evidence that this element is met as well. The fact that Firooznia was apparently no longer retained as Alavi's accountant does not necessarily mean that he was no longer a co-conspirator. In fact, the conversation reflected on the recording indicates that the CHS and Firooznia were discussing actions which Firooznia could take—at the time of the recording—to further assist in the overall concealment of Iran's role in the partnership between Assa and Alavi.

For instance, during a portion of the conversation, Firooznia asks the CHS to help provide a copy of a report he had written and previously given to Iranian officials to Mazaheri, a high level Iranian official (and someone with high level contacts within the Government of Iran). The CHS and Firooznia state a general resolve to bring issues relating to Bank Melli's interest to the attention of the Government of Iran. The Court finds that these statements were made by an individual who still considered himself to have an interest in the conspiracy and to

3

be furthering the aims of the conspiracy when he made the statements at issue. Thus, the co-conspirator exception applies.

But, in addition, the Court finds that numerous other statements in the recording are either not hearsay or are separately admissible under the state of mind exception of Rule 803(3). That Firooznia believed certain things—based upon his position with Alavi—is relevant and reflective of his then-existing state of mind.

SO ORDERED.

Dated:   New York, New York
         June 5, 2017

_____
KATHERINE B. FORREST
United States District Judge